Christian L. Moore, Esq.
Dane A. Littlefield, Esq.
Lemons, Grundy & Eisenberg
6005 Plumas Street, Third Floor
Reno, NV 89519
Telephone: (775) 786-6868
clm@lge.net; dal@lge.net

Theodore E. Chrissinger, Esq.
Hoy Chrissinger Vallas
50 W. Liberty St., Suite 840
Reno, Nevada 89501
Telephone: (775) 786-8000
tchrissinger@nevadalaw.com

*Attorneys for Plaintiff/Counter-Defendant/Third-Party Plaintiff*
*GARY A. PULVER*
*dba PULVER CONSTRUCTION COMPANY*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GARY A. PULVER dba PULVER CONSTRUCTION COMPANY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BARRY KANE, an individual; ANNA KANE, an individual; and 1059 LAKESHORE BOULEVARD LLC, a Nevada limited liability company fka 1059 Lakeshore Drive LLC,<br><br>Defendants. | Case. No.: 3:20-cv-00673-MMD-CLB<br>Honorable Miranda M. Du<br><br>**STIPULATED PROTECTIVE ORDER** |
| 1059 LAKESHORE BOULEVARD LLC, a Nevada limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>GARY A. PULVER dba PULVER CONSTRUCTION COMPANY, an individual, | |

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 1 -

and ROES 1-50, inclusive,

Counter-Defendants.

GARY A. PULVER dba PULVER CONSTRUCTION COMPANY, an individual,

Third-Party Plaintiff,

v.

CRUZ CONSTRUCTION COMPANY, INC., a Nevada corporation,

Third-Party Defendant.

## STIPULATED PROTECTIVE ORDER, CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

COMES NOW, Plaintiff/Counter-Defendant/Third-Party Plaintiff GARY A. PULVER dba PULVER CONSTRUCTION COMPANY, by and through its counsel LEMONS, GRUNDY & EISENBERG, Defendant/Counterclaimant 1059 LAKESHORE BOULEVARD, LLC and Defendants BARRY KANE and ANNA KANE, by and through their counsel of record MOUNTAINSIDE LAW, and Third-Party Defendant CRUZ CONSTRUCTION COMPANY, INC., through its counsel, ERICKSON, THORPE & SWAINSTON, and hereby certify that they have conferred amongst each other pursuant to Fed. R. Civ. P. 26(c)(1) and hereby stipulate to the following joint *Stipulated Protective Order, Confidentiality and Non-Disclosure Agreement*, subject to the approval of the Court.

**1.    Purpose.**  It is recognized that certain information that may be produced and discussed in this litigation is deserving of protection under Fed. R. Civ. P. 26(c) in that it may contain confidential, personal, or commercial information which is sensitive and private in nature and therefore deserving of protection from disclosure and dissemination.  This protective order is intended to govern the use and dissemination of this confidential information which may be contained in all documents and other discovery material, specifically including electronically stored information (ESI) produced by the parties, whether informally or formally, and whether produced affirmatively by a party pursuant to Fed. R. Civ. P. 26 or in response to interrogatories,

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 2 -

request for admissions, request for production of documents, or obtained or submitted to the court through affidavit, designated record or other testimony, whether through deposition or otherwise, obtained or submitted in this action.

A "Producing Party" or "Producing Parties" as used herein means any party and any non-party that has produced documents pursuant to the Federal Rules of Civil Procedure, including by subpoena or similar process.

2.   **Definition of Confidential Information.**   Confidential information shall be designated as such at the time of production or as soon as practicable and should be limited to any information which a party reasonably and in good faith believes to contain or disclose confidential, sensitive and private, trade secrets or other confidential research, development, commercial or financial proprietary personal or business information of the party or of a third party, that could not be independently obtained, and/or confidential, personal or business information, the disclosure of which might reasonably pose a commercial disadvantage to the owner or custodian of the information.

3.   **Limitation on Designation of Information.**   The parties shall only designate information that is confidential if they have a reasonable and good faith belief that the information should, in fact, be so designated. If the Court later determines that the parties did not act reasonably or in good faith in making such a designation, the Court shall award to the party opposing the designation that party's reasonable attorneys' fees in disputing the designation; provided, however, that no party may challenge such a designation unless and until that party has first made a reasonable good faith attempt to resolve the matter informally with the designating party. If any party objects to the designation of "CONFIDENTIAL", such party shall state the objection in a letter to counsel for the producing party, setting forth the reasons that the party believes the material should not be treated as confidential information. The producing party shall respond, in writing, within ten days of receipt of the objection, setting forth the reasons the producing party believes the material is confidential. If the parties cannot resolve the objection, the objecting party may then move the Court for an appropriate order regarding such designation.

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 3 -

Until such objection is resolved, the information shall be treated as confidential information and remain subject to the Protective Order.

4. **Method of Document Designation.** Documents containing confidential information may be so designated at the point of production or as soon thereafter as is practical. Confidential information shall be identified by the designating producing party, on the first or cover page of each document and each page thereafter which contains the confidential information by the label, "CONFIDENTIAL."

5. **Designation of Deposition Testimony.** Deposition testimony that the parties reasonably believe will contain confidential information shall only be taken in the presence of the persons entitled to such information under this Order. Where practical, the record shall identify those portions which relate to confidential information and that information will be identified as such at the time the deposition is taken. At the request of the party claiming confidentiality, the parties may make arrangements with the court reporter so that the portion of the transcription in question can be separately bound and labeled as confidential.

6. **Method of Exhibit Designation.** Exhibits introduced at deposition or trial that contain confidential information may be so designated by making a statement to that effect on the record at the time of their introduction. At the request of the party claiming confidentiality, exhibits designated as containing confidential information shall be placed in sealed containers or otherwise designated as such prior to being place in the Court file so as to ensure that they are not placed within the public record.

7. **Qualified Persons to Review Confidential Information.** Confidential information produced pursuant to this Order may be disclosed or made available only to the persons set forth below (collectively "Qualified Persons"):

    (a) the Court, jury, court personnel, and court reporters in connection with this litigation;

    (b) counsel for a party, including partners, associates, clerks, paralegals, clerical and secretarial staff, and other support personnel employed or engaged by such counsel's firm;

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 4 -

(c) outside experts or consultants (together with their staff) retained by counsel for a party to assist in the prosecution, defense, or settlement of this action;

(d) persons who are shown on the face of the Confidential Information to have been the authors or recipients of the confidential information or who otherwise legally received or know of the contents of the confidential information prior to the litigation; and

(e) any other person with the prior written consent of the designating party.

**8. Dissemination of Confidential Information.** Prior to delivering any information controlled by this document to persons designated in paragraph 7(c) or 7(e) above, the person(s) to be provided the information shall be provided with a copy of this Order and shall execute a Declaration in the form of **Exhibit 1** to this Order, wherein they agree to comply with the terms of this Order. Counsel for the parties shall maintain a file of all such declarations signed by person(s) to whom confidential information has been given.

**9. Responding to Discovery.** This Protective Order will not prevent any party from opposing production of any information in response to a discovery request for any reason other than confidentiality.

**10. Use of Confidential Materials in Court.** In the event that any confidential information is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, or other paper filed in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such confidential information shall take all reasonable steps to maintain its confidentiality during such use. All portions of briefs, pleadings or other filings with the Court, which incorporate or disclose confidential information shall be appropriately labeled on the cover page and filed under seal. The person filing any such documents shall place the material being filed with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to this action, an indication of the nature of the contents of such sealed envelope or other container, the legend "CONFIDENTIAL" and a statement substantially in the following form: "This envelope containing documents which are filed in this case by [name of party] is not to be opened nor the contents thereof displayed or revealed except by order of the Court." The person filing any such

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

document shall inform the Clerk in writing that all or a portion designated thereof is subject to this Order and is to be kept under seal, except that, upon the failure of the filing party to so designate, any party may do so. Such confidential information shall be kept under seal by the Clerk of the Court until further order of the Court.

**11. Future Applications to Court Not Prohibited.** This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

**12. Use by the Parties.** Nothing in this Order shall prevent or limit the parties from using or disclosing their own confidential information, and information or documents derived therefrom, for any purpose, and the parties shall take all steps required by this Order to maintain their confidentiality during such use. Nothing herein shall be deemed to limit any party's rights to discovery in connection with this action or restrict the prosecution, defense, or settlement of the action.

**13. Inadvertent Production/"Clawback" Agreement.** If a party inadvertently produces or discloses any confidential information without marking it with the appropriate legend, it may give notice to the receiving party that the information should be treated in accordance with the terms of this Order, and shall forward appropriately-stamped copies of the items in question. The receiving party shall return the previously-unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure. If a party inadvertently produces or discloses any information that the disclosing party asserts is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine or other legal privilege, it may give notice to the receiving party that the information should be treated as so privileged. The receiving party shall, at the request of the

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 6 -

disclosing party, return or destroy such privileged documents and all copies thereof and confirm the same to counsel for the disclosing party. The inadvertent disclosure shall not be deemed a waiver of any privilege or doctrine that precludes disclosure, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

**14.   Limited Effect of Order.**  This Order is entered solely for the purpose of facilitating the parties' exchange of documents and information in this action without involving the Court unnecessarily in the process. Nothing in this Order, the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order shall be deemed to have the effect (a) of an admission or waiver by the parties regarding the confidentiality or non-confidentiality of any information, document, or thing, or (b) of altering the confidentiality or non-confidentiality of any such document, thing, or information.

**15.   Application of this Order.**  This Order shall apply to all information, documents, premises and things which are produced or made available in discovery by a producing party and which are owned or in the custody or control of the producing party or of any parents, subsidiaries, divisions, branches, and affiliates of the producing party.

**16.   Additional and New Parties.**  In the event that any other parties are added or substituted into this case, this Protective Order will be binding on and inure to the benefit of such new parties subject to the right of such new parties to apply to the Court for relief from or modification of any of its provisions.

**17.   Termination of Action.**  This Order shall survive the final termination of this action, and the parties agree that the Court may retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, all documents, materials, and deposition transcripts designated as containing confidential information and all copies of the same, but not including any derivative materials protected by the attorney-client privilege or work product doctrine, shall be returned to the attorney(s) of record for the producing party, or at the producing party's option, destroyed by counsel for the receiving party. In the case where the latter option is used, within thirty (30) days of the conclusion of this or any subsequent action or claim arising out of this action, counsel for the

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 7 -

receiving party shall notify counsel for the producing party by written declaration signed by counsel under penalty of perjury that such destruction has taken place. The provisions of this Order, insofar as they restrict the disclosure, communication of, and use of, confidential information, shall continue to be binding after the conclusion of this action or any potential claim arising out of this action. Nothing in this Order shall prohibit counsel for the parties from requesting the same documents covered by this Protective Order in a different or subsequent lawsuit involving one or more of the same parties.

**18. Entire Agreement.** This Order sets forth the entire agreement and understanding between the parties with respect to the use of discovery material in this action and supersedes any prior or contemporaneous agreement between the parties. This agreement may be executed in counterparts.

**IT IS SO STIPULATED.**

DATED this 12th day of August, 2021.

**Lemons, Grundy & Eisenberg**

By: /s/ 
Christian L. Moore, Esq.
Dane A. Littlefield, Esq.
6005 Plumas Street, Third Floor
Reno, Nevada 89519
Ph: (775) 786-6868
Fax: (775) 786-9716
clm@lge.net; dal@lge.net

and

**Hoy Chrissinger Vallas**

Theodore E. Chrissinger, Esq.
50 W. Liberty St., Suite 840
Reno, Nevada 89501
Telephone: (775) 786-8000
tchrissinger@nevadalaw.com

*Attorneys for Proposed Intervenor*
GARY A. PULVER dba
PULVER CONSTRUCTION
COMPANY

///

///

///

///

///

///

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 8 -

**Mountainside Law**

By: _/s/ Alan R. Wechsler_
Alan R. Wechsler, Esq.
940 Southwood Blvd., Suite 102
Incline Village, NV 89451
775.548.5020 phone
775.249.0553 fax
alan@mountainsidelaw.com

*Attorneys for Defendant/
Counterclaimant 1059 Lakeshore
Boulevard and Defendants Barry Kane
and Anna Kane*

**Erickson, Thorpe & Swainston, LTD**

By: _____
John C. Boyden, Esq.
99 W. Arroyo Street
Reno, NV 89505
(775) 786-3930
jboyden@etsreno.com

*Attorney for Third-Party Defendant
Cruz Construction Company, Inc.*

**IT IS SO ORDERED.**

Dated this ___ day of _____, 2021.

_____
MAGISTRATE JUDGE

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 9 -

Mountainside Law

By: _____
Alan R. Wechsler, Esq.
940 Southwood Blvd., Suite 102
Incline Village, NV 89451
775.548.5020 phone
775.249.0553 fax
alan@mountainsidelaw.com

*Attorneys for Defendant/
Counterclaimant 1059 Lakeshore
Boulevard and Defendants Barry Kane
and Anna Kane*

Erickson, Thorpe & Swainston, LTD

By: _____
John C. Boyden, Esq.
99 W. Arroyo Street
Reno, NV 89505
(775) 786-3930
jboyden@etsreno.com

*Attorney for Third-Party Defendant
Cruz Construction Company, Inc.*

**IT IS SO ORDERED.**

Dated this 13th day of August, 2021.

Paragraph 10 is modified to reflect that any motion to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

The Court's jurisidiction over this protective order shall cease upon termination of this case.

_____
MAGISTRATE JUDGE

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-5069
(775) 786-6868

- 9 -

# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I certify that I am an employee of LEMONS, GRUNDY & EISENBERG, and that on August 12, 2021, I served a true and correct copy of the ***Stipulated Protective Order*** on the party(s) set forth below by:

_____ **BY MAIL**: in an envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Reno, Nevada, following ordinary business practices;

_____ **BY E-MAIL**: by transmitting by electronic mail to the respective e-mail addresses;

_____ **BY PERSONAL SERVICE**: in an envelope to be hand delivered this date;

_____ **BY OVERNIGHT DELIVERY**: in an envelope to be delivered to an overnight delivery carrier with delivery fees provided for;

_____ **BY FACSIMILE**: by transmitting by facsimile to the respective fax telephone phone number(s);

__X__ **BY USING THE COURT'S EFS** which electronically served the following;

| | |
|---|---|
| Theodore E. Chrissinger, Esq.<br>Hoy, Chrissinger, Kimmel & Vallas<br>50 W. Liberty St., Suite 840<br>Reno, Nevada 89501<br>Telephone: (775) 786-8000<br>tchrissinger@nevadalaw.com<br><br>*Attorneys for Plaintiff and Counter-Defendant and Third-Party Plaintiff GARY A. PULVER dba PULVER CONSTRUCTION COMPANY* | John C. Boyden, Esq.<br>Erickson, Thorpe & Swainston, LTD<br>P.O. Box 3559<br>99 Arroyo Street<br>Reno, NV 89505<br>Telephone: (775) 786-3930<br>jboyden@etsreno.com<br><br>*Attorney for Third-Party Defendant Cruz Construction Company, Inc.* |

Alan R. Wechsler, NV Bar No. 13782
940 Southwood Blvd., Suite 102
Incline Village, NV 89451
775.548.5020 phone
775.249.0553 fax
alan@mountainsidelaw.com

*Attorneys for Defendant and Counterclaimant 1059 Lakeshore Boulevard LLC and Defendants Barry Kane and Anna Kane*

/s/ Sierra Sage
Sierra Sage, Assistant to
Christian L. Moore, Esq.

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

# INDEX OF EXHIBITS TO
# STIPULATED PROTECTIVE ORDER

| NO. | DESCRIPTION | PAGES |
|---|---|---|
| 1. | Declaration Re: Confidential Discovery Materials | 2 |

# Exhibit 1

Declaration Re: Confidential Discovery Materials

# Exhibit 1

Declaration Re: Confidential Discovery Materials

# Exhibit 1

## DECLARATION RE: CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME]. _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the proceeding entitled *GARY A. PULVER dba PULVER CONSTRUCTION COMPANY, an individual, Plaintiff, v. BARRY KANE, an individual, et al.*, Case No 3:20-cv-00673-MMD-CLB. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order, I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Protective Order. Unless otherwise provided in the Protective Order, I will not use Confidential Materials obtained pursuant to this Protective Order for any purpose other than the prosecution, defense and/or settlement of this proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in this Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials or otherwise disposed pf pursuant to the terms of the Protective Order.

I declare under penalty of perjury, under the laws of the State of Nevada, that the foregoing to true and correct.

Executed: This _____ day of _____, 20____.

By: _____

Name: _____
Title: _____
Address: _____
_____
Tel: _____

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 10 -