Christian L. Moore, Esq.
Dane A. Littlefield, Esq.
Lemons, Grundy & Eisenberg
6005 Plumas Street, Third Floor
Reno, NV 89519
Telephone: (775) 786-6868
clm@lge.net; dal@lge.net

Theodore E. Chrissinger, Esq.
Hoy Chrissinger Vallas
50 W. Liberty St., Suite 840
Reno, Nevada 89501
Telephone: (775) 786-8000
tchrissinger@nevadalaw.com

*Attorneys for Plaintiff/Counter-Defendant/Third-Party Plaintiff*
*GARY A. PULVER*
*dba PULVER CONSTRUCTION COMPANY*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GARY A. PULVER dba PULVER CONSTRUCTION COMPANY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> BARRY KANE, an individual; ANNA KANE, an individual; and 1059 LAKESHORE BOULEVARD LLC, a Nevada limited liability company fka 1059 Lakeshore Drive LLC, <br><br> Defendants. | Case. No.: 3:20-cv-00673-MMD-CLB <br> Honorable Miranda M. Du <br><br> **JOINT MOTION TO EXTEND DISCOVERY DATES** <br> **[Second Request]** <br><br> [Fed. R. Civ. P. 26] [LR 26-3] [LR 6-1] |
| 1059 LAKESHORE BOULEVARD LLC, a Nevada limited liability company, <br><br> Counterclaimant, <br><br> v. <br><br> GARY A. PULVER dba PULVER CONSTRUCTION COMPANY, an individual, and ROES 1-50, inclusive, <br><br> Counter-Defendants. | |

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 1 -

GARY A. PULVER dba PULVER CONSTRUCTION COMPANY, an individual,

Third-Party Plaintiff,

vs.

CRUZ CONSTRUCTION COMPANY, INC., a Nevada corporation; CLASS A ROOFING, LLC, a Nevada limited liability company; A & E ARCHITECTS, a Montana professional corporation; RENO TAHOE GEO ASSOCIATES, INC., a Nevada corporation; ERIC'S CONCRETE PAVERS, INC., a Nevada corporation; JULIAN MACDONALD dba JP MCDONALD MILLWORKS; and DOES 1 through 20,

Third-Party Defendants.

## JOINT MOTION TO EXTEND DISCOVERY DATES
### [Second Request]

### [Fed. R. Civ. P. 26] [LR 26-3] [LR 6-1]

Pursuant to Fed. R. Civ. P. 26, LR 26-3, and LR 6-1, Plaintiff/Counter-Defendant/Third-Party Plaintiff GARY A. PULVER dba PULVER CONSTRUCTION COMPANY ("Pulver"), by and through its counsel of record LEMONS, GRUNDY & EISENBERG, Defendants BARRY KANE and ANNA KANE (*collectively* "Kanes") and Defendant/Counterclaimant 1059 LAKESHORE BOULEVARD, LLC ("Lakeshore") by and through their counsel of record MOUNTAINSIDE LAW, and Third-Party Defendant CRUZ CONSTRUCTION COMPANY, INC. ("Cruz") by and through its counsel of record ERICKSON THORPE & SWAINSTON, hereby jointly move for an extension of the discovery deadlines originally set forth in the *Joint Motion to Extend Discovery Dates [First Request]* [ECF No. 21, p. 8:1-4] filed June 14, 2021, and subsequently approved by the Court in its *Scheduling Order Granting Motion to Extend Time* [ECF No. 33] dated July 15, 2021.

This Motion is made pursuant to Fed. R. Civ. P. 26, LR 26-3, and LR 6-1, and is based on the following memorandum of points and authorities, the pleadings and papers on file herein, argument taken at the hearing of this matter, if any, and such other matters as the Court deems appropriate to consider.

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 2 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

All parties continue to cooperate and collaborate in the discovery process in this complex construction defect lawsuit. On June 14, 2021, the parties filed a *Joint Motion to Extend Discovery Dates [First Request]* [ECF No. 21]. At that time, the parties (Pulver, Kanes, Lakeshore, and Cruz) had actively engaged in initial written discovery, conducted a site inspection, and developed a protocol for discovery pertaining to ESI including the retention of a joint forensic electronic discovery technical and consulting service to gather ESI and assist with document control. The Court granted the *Joint Motion to Extend Discovery Dates [First Request]* on July 15, 2021. [ECF No. 33].

Since that time, the parties have utilized the jointly developed ESI protocol to produce, process, and review hundreds of thousands of pages of documents in digital format and conducted multiple expert inspections of the subject real property. To date, the parties have deposited into the document depository 7,277 electronic files containing 12.2 GB of data. Unfortunately, technical issues have prevented Pulver and Cruz from accessing files deposited into the document repository by Lakeshore with its *Second Supplemental FRCP 26(a)(1) Disclosures of Defendant and Counterclaimant 1059 Lakeshore Boulevard LLC and Defendants Barry Kane and Anna Kane*, on December 17, 2021, which was already understandably delayed by five months due to (1) a personal tragedy experienced by counsel for Lakeshore, and (2) the volume of documents to be reviewed by Lakeshore's counsel for applicable privileges. The parties are currently collaborating to resolve the inability to access Lakeshore's recently produced ESI.

The complications in accessing files deposited by Lakeshore did not prevent Pulver from utilizing other information discovered from the extensive document production and expert site inspections to prepare and file *Gary A. Pulver dba Pulver Construction Company's Amended Third-Party Complaint* [ECF No. 40], in which Pulver names five additional entities as third-party defendants. Prior to filing *Gary A. Pulver dba Pulver Construction Company's Amended Third-Party Complaint,* Pulver retained and consulted with qualified experts to obtain required certificates of merit against the two design professionals named in *Gary A. Pulver dba Pulver*

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

*Construction Company's Amended Third-Party Complaint*. The parties respectfully submit that the foregoing demonstrates that they have not been idle or wasted the additional discovery period granted by the Court. In fact, as Lakeshore proceeded with repairs during the 2021 Lake Tahoe building season that Lakeshore determined were necessary, additional site inspections were conducted by experts for Pulver and Cruz.

The parties, through their counsel, continue to communicate among themselves effectively and endeavor to conduct discovery efficiently. However, the parties agree that a further extension of the discovery deadlines is necessary due to complications accessing ESI disclosed by Lakeshore, and the addition of five new parties to this case as third-party defendants. This is the second request for an extension of the discovery deadlines by the parties, and is supported by good cause.

As this Second Request is made less than 21 days prior to the deadline to Amend Pleadings and Add Parties, which is scheduled for January 13, 2022, the parties are not requesting an extension of that deadline, but do request an extension of the remaining discovery deadlines. This Second Request is made greater than 21 days prior to the expiration of any other discovery deadline.

## II.    PERTINENT PROCEDURAL HISTORY

Pulver filed its original *Complaint* in Case No. 3:20-cv-00673-MD-CLB on December 4, 2020, arising from the construction of a multimillion dollar custom house in the Lake Tahoe basin. [ECF No. 1]. On February 8, 2021, Kanes and Lakeshore filed an *Answer and Counterclaim*. [ECF No. 10]. Lakeshore, only, alleges that Pulver is responsible for various construction defects in Lakeshore's February 8, 2021 Counterclaim against Pulver Construction. *Id.* On March 1, 2021, Pulver filed *Counter-Defendant Gary A. Pulver dba Pulver Construction Company's Answer to Lakeshore Boulevard LLC's Counterclaim and Jury Demand*. [ECF. No 12]. On March 15, 2021, Pulver filed *Gary A. Pulver dba Pulver Construction Company's Third-Party Complaint Against Cruz Construction Company, Inc.* [ECF No. 16]. On April 1, 2021, Cruz Construction filed *Third-Party Defendant Cruz Construction Company, Inc.'s Answer to Third-Party Complaint*. [ECF No. 23].

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 4 -

Prior to Cruz's appearance in this action Pulver, Kanes, and Lakeshore filed a *Joint Case Management Report* on March 29, 2021. ECF No. 21. Section 8 of that document is entitled "Proposed Firm Dates Pursuant to Local Rule 26-1; Special Scheduling Review Requested" and set forth the initial discovery deadlines as mandated by the Rules. *Id.* pp. 7-8.

On June 14, 2021, the parties filed a *Joint Motion to Extend Discovery Dates [First Request]* [ECF No. 21]. The Court granted the *Joint Motion to Extend Discovery Dates [First Request]* on July 15, 2021. [ECF No. 33], which resulted in the following discovery deadlines:

    a.  Discovery Cut-Off:                            Thursday, May 12, 2022

    b.  Amend Pleadings/Add Parties:            Thursday, January 13, 2022

    c.  FRCP 26(a)(2) Expert Disclosures:      Thursday, February 10, 2022

    d.  Rebuttal Expert Disclosures:             Thursday, March 10, 2022

    e.  Dispositive Motions:                      Thursday, June 23, 2022

    f.  Joint Pretrial Order:                      Monday, July 25, 2022

Pulver filed *Gary A. Pulver dba Pulver Construction Company's Amended Third-Party Complaint* [ECF No. 40], on December 28, 2021, which is supported by a *NRS 40.6884 Affidavit of Merit re Reno Tahoe Geo Associates, Inc. in Support of Gary A. Pulver dba Pulver Construction Company's Amended Third-Party Complaint* executed by Christian L. Moore, Esq. and associated Report of Danny Sommers and Gregory M. Lyman, P.E., of Farr West Engineering [ECF No. 40-1], and *NRS 40.6884 Affidavit of Merit re A&E Architects in Support of Gary A. Pulver dba Pulver Construction Company's Amended Third-Party Complaint* executed by Christian L. Moore, Esq. and associated Report of Dennis P. Govan, AIA, of Govan Associates [ECF No. 4-2].

### III.   STATEMENT OF SALIENT FACTS

At the time of the first request, the parties had successfully conducted a site inspection, exchanged and responded to initial written discovery, and jointly retained ESI forensic vendor OnlineSecurity to perform technical and consulting services pertaining to electronic discovery. Communications with OnlineSecurity to assist in the voluminous ESI in this case commenced on April 12, 2021 (comprising 91 gigabytes of data which counsel reviewed for relevance and

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 5 -

screened for privileged material). The parties have used, and continue to use, the electronic discovery platform Goldfynch for this purpose.

Kanes and Lakeshore undertook further investigation and repair work in the months since June 14, 2021, when the parties filed the *Joint Motion to Extend Discovery Dates [First Request]* [ECF No. 21]. This additional investigation led to additional site inspections by retained experts, and was followed by the production of additional documents and photographs by Lakeshore on December 17, 2021.

On June 21, 2021, Pulver filed a motion to intervene and consolidate this action with Case No. 3:21-cv-00097 (ECF No. 27), which involved Lakeshore's allegations against A&E Architects, P.C. The Court ultimately granted A&E Architects, P.C.'s Motion to Dismiss in that case [Case No. 3:21-cv-00097, ECF No. 35], and denied Pluver's motion to intervene as moot. *Id.*, at p. 7:9-10.

The parties have utilized the jointly developed ESI protocol to produce, process, and review hundreds of thousands of pages of documents in digital format and conducted various expert inspections of the subject real property. Unfortunately, technical issues have prevented Pulver and Cruz from accessing files deposited into the document repository by Lakeshore with its *Second Supplemental FRCP 26(a)(1) Disclosures of Defendant and Counterclaimant 1059 Lakeshore Boulevard LLC and Defendants Barry Kane and Anna Kane*, on December 17, 2021, which was already understandably delayed due to a personal tragedy experienced by counsel for Lakeshore. The parties are currently collaborating to resolve the inability to access Lakeshore's ESI.

In addition, five additional parties have been added as third-party defendants via the filing of *Gary A. Pulver dba Pulver Construction Company's Amended Third-Party Complaint* [ECF No. 40], on December 28, 2021. These parties must be served, answer, and be given suitable opportunity to participate in the discovery process, including; training regarding the eDiscovery protocols and Goldfynch tool, conduct internal review of their documents (including emails) for relevance and privilege, produce initial disclosures, serve and respond to written interrogatories and requests for production, conduct percipient witness depositions, make initial and rebuttal

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 6 -

expert disclosures, and conduct expert witness depositions. The parties requesting this extension have also attempted to reasonably take into account the potential for motion-practice into the deadline dates suggested, below.

## IV. LEGAL AUTHORITY

Fed. R. Civ. P. 26(f) requires parties to confer and develop a discovery plan. The parties did so, and developed an initial schedule setting forth stipulated discovery deadlines. See, ECF No. 21. Thereafter, an initial extension of the discovery deadlines became necessary, and was granted upon the parties' joint motion. [ECF No. 33]. Due to developments in the factual and procedural landscape of this case, the parties hereby make a second request for an extension of the discovery deadlines, not including the deadline to amend pleadings or amend parties (January 13, 2022).

LR 26-3 addresses requests for extensions of discovery deadlines and provides, in pertinent part:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline… A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
>
> (d) A proposed schedule for completing all remaining discovery.

LR IA 6-1, referenced in LR 26-3, further requires:

> A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted… A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. Immediately below the title of the motion or stipulation

- 7 -

there also must be a statement indicating whether it is the first, second, third, etc., requested extension, i.e.:

**STIPULATION TO EXTEND TIME TO FILE MOTIONS**
**(First Request)**

## V. DISCUSSION

The parties have requested, and been granted, <u>one</u> previous extension of the discovery deadlines. Pursuant to Fed. R. Civ. P. 26 and the order of the Court, the operative deadlines in this matter currently are:

| | | |
|---|---|---|
| a. | Discovery Cut-Off: | Thursday, May 12, 2022 |
| b. | Amend Pleadings/Add Parties: | Thursday, January 13, 2022 |
| c. | FRCP 26(a)(2) Expert Disclosures: | Thursday, February 10, 2022 |
| d. | Rebuttal Expert Disclosures: | Thursday, March 10, 2022 |
| e. | Dispositive Motions: | Thursday, June 23, 2022 |
| f. | Joint Pretrial Order: | Monday, July 25, 2022 |

*Scheduling Order Granting Motion to Extend Time* [ECF No. 33] [ECF No. 33].

The first upcoming deadline contemplated by this Motion is the deadline to amend pleadings or add parties on Thursday, January 13, 2022. As this Second Request is made less than 21 days prior to the deadline to Amend Pleadings and Add Parties, the parties are not requesting an extension of that deadline, but do request an extension of the remaining discovery deadlines. This Second Request is made greater than 21 days prior to the expiration of any other discovery deadline. Therefore, this Second Request is timely pursuant to LR 26-3. As established, below, good cause exists for the requested extension.

*1. A statement specifying the discovery completed.*

Pulver, Kanes, and Lakeshore have exchanged substantial written discovery, met and conferred over various disagreements in the responses, and reached an accord as to many of the subjects of their disagreements. Pulver, Kanes, Lakeshore, and Cruz and their retained expert witnesses have participated in site-inspections of the subject property. Pulver, Kanes, Lakeshore, and Cruz have also coordinated the retention of a joint electronic discovery technician who has

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

assisted in processing and disclosing the substantial amount of ESI and electronic discovery undertaken to date.

The parties have utilized the jointly developed ESI protocol to produce, process, and review hundreds of thousands of pages of documents in digital format and conducted various expert inspections of the subject real property. The information discovered from the extensive document productions and expert site inspections allowed Pulver to retain and consult with qualified experts to receive certificates of merit against the two design professionals named as third-party defendants in *Gary A. Pulver dba Pulver Construction Company's Amended Third-Party Complaint*, in addition to three other newly named third-party defendants.

*2. A specific description of the discovery that remains to be completed.*

Pulver and Cruz have processed (reviewed for privilege and relevance) their own ESI and made corresponding productions. Lakeshore has disclosed some ESI. However, technical issues have prevented Pulver and Cruz from accessing some files deposited into the document repository by Lakeshore with its *Second Supplemental FRCP 26(a)(1) Disclosures of Defendant and Counterclaimant 1059 Lakeshore Boulevard LLC and Defendants Barry Kane and Anna Kane*, dated December 17, 2021. This disclosure was already understandably delayed due to a personal tragedy experienced by counsel for Lakeshore. The parties are currently collaborating to resolve the inability to access the ESI so that the documents produced by Lakeshore may be viewed by the other parties.

In addition, five additional parties have been added as third-party defendants via the filing of *Gary A. Pulver dba Pulver Construction Company's Amended Third-Party Complaint* [ECF No. 40], on December 28, 2021. These parties must be served, answer, and be given suitable opportunity to participate in the discovery process, including; training regarding the eDiscovery protocols and Goldfynch tool, conduct internal review of their documents (including emails) for relevance and privilege, initial disclosures, written interrogatories and requests for production, percipient witness depositions, initial and rebuttal expert disclosures, and expert witness depositions. The parties requesting this extension have also attempted to reasonably take into

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 9 -

account the potential for motion-practice into the deadline dates suggested in this Second Request.

  3. *The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan.*

  Only the deadline to amend pleadings or add parties set by the discovery plan has run, and Pulver timely amended its pleading to name five additional third-party defendants before the deadline. As to the remaining deadlines, this Motion is made proactively to reassess and evaluate the discovery deadlines based on developments in the discovery process. The following tasks must be completed prior to the May 12, 2022 deadline: (1) Access and review currently inaccessible ESI produced by Lakeshore; (2) Serve additional third-party defendants; (3) Allow time for third-party defendants to appear; (4) Initial disclosures by third-party defendants including training regarding Goldfynch platform for production of ESI; (5) Depose percipient witnesses based, to some degree, on the ESI exchanged; (6) Provide data and relevant information to expert witnesses; (7) Produce initial and rebuttal expert reports, and; (8) Take expert depositions.

  Despite the parties' best efforts and collaborative process, the close of discovery set to occur on May 12, 2022 does not realistically allow sufficient time to complete this outstanding discovery. The parties recognize the reality that there is simply not enough time remaining to complete outstanding discovery based on the large amount of ESI at issue, the present inability to access files produced by Lakeshore, and the addition of five new third-party defendants who will require time to appear and make their own disclosures, and who are entitled to a full and fair opportunity to participate in the discovery process.

  4. *A proposed schedule for completing all remaining discovery.*

  The moving parties propose an extension of each deadline by 365 days. This will result in the following proposed deadlines:

  a. Discovery Cut-Off:       Friday, May 12, 2023

  b. ~~Amend Pleadings/Add Parties:~~   ~~Thursday, January 13, 2022~~

  c. FRCP 26(a)(2) Expert Disclosures:  Friday, February 10, 2023

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

|   |   |   |
|---|---|---|
| d. | Rebuttal Expert Disclosures: | Friday, March 10, 2023 |
| e. | Dispositive Motions: | Friday, June 23, 2023 |
| f. | Joint Pretrial Order: | Tuesday, July 25, 2023 |

Importantly, these dates provide sufficient time for disclosure and review of ESI by the additional third-party defendants, percipient witness depositions, initial and rebuttal expert witness disclosures, and depositions of expert witnesses.

## VI. CONCLUSION

Good cause exists to modify and extend the discovery deadlines set forth in the *Scheduling Order Granting Motion to Extend Time* [ECF No. 33] dated July 15, 2021. Therefore, Pulver, Lakeshore, and Cruz request that the Court grant an extension of the discovery deadlines by 365 days, each, with the exception of the deadline to amend pleadings or add parties.

DATED this 12th day of January, 2022.      and

**Lemons, Grundy & Eisenberg**

By: _____
Christian L. Moore, Esq.
Dane A. Littlefield, Esq.
6005 Plumas Street, Third Floor
Reno, Nevada 89519
Ph: (775) 786-6868;
Fax: (775) 786-9716
clm@lge.net; dal@lge.net

**Mountainside Law**

By: /s/ Alan R. Wechsler, Esq._____
Alan R. Wechsler, Esq.
940 Southwood Blvd., Suite 102
Incline Village, NV 89451
775.548.5020 phone
775.249.0553 fax
alan@mountainsidelaw.com

*Attorneys for Defendants Barry Kane and*

**Hoy Chrissinger Vallas**

By: /s/ Theodore E. Chrissinger, Esq._
Theodore E. Chrissinger, Esq.
50 W. Liberty St., Suite 840
Reno, Nevada 89501
Telephone: (775) 786-8000
tchrissinger@nevadalaw.com

*Attorneys for Proposed Intervenor GARY A. PULVER dba PULVER CONSTRUCTION COMPANY*

IT IS SO ORDERED.

Dated: January 14, 2022

_____
UNITED STATES MAGISTRATE JUDGE

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

- 11 -

*Anna Kane, and Defendant/
Counterclaimant 1059 Lakeshore
Boulevard*

**Erickson, Thorpe & Swainston, LTD**

By: /s/ John A. Aberasturi, Esq.
    John A. Aberasturi, Esq.
    99 W. Arroyo Street
    Reno, NV 89505
    (775) 786-3930
    jaberasturi@etsreno.com
    *Attorney for Third-Party Defendant
    Cruz Construction Company, Inc.*

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I certify that I am an employee of LEMONS, GRUNDY & EISENBERG, and that on January 12, 2022, I served a true and correct copy of the ***JOINT MOTION TO EXTEND DISCOVERY DATES [Second Request]*** on the party(s) set forth below by:

_____   **BY MAIL**: in an envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Reno, Nevada, following ordinary business practices;

_____   **BY E-MAIL**: by transmitting by electronic mail to the respective e-mail addresses;

_____   **BY PERSONAL SERVICE**: in an envelope to be hand delivered this date;

_____   **BY OVERNIGHT DELIVERY**: in an envelope to be delivered to an overnight delivery carrier with delivery fees provided for;

_____   **BY FACSIMILE**: by transmitting by facsimile to the respective fax telephone phone number(s);

___X___   **BY USING THE COURT'S EFS** which electronically served the following;

| | |
|---|---|
| Theodore E. Chrissinger, Esq.<br>Hoy, Chrissinger & Vallas<br>50 W. Liberty St., Suite 840<br>Reno, Nevada 89501<br>Telephone: (775) 786-8000<br>tchrissinger@nevadalaw.com<br>sseth@nevadalaw.com<br><br>*Attorneys for Plaintiff and Counter-Defendant and Third-Party Plaintiff*<br>GARY A. PULVER dba<br>PULVER CONSTRUCTION COMPANY | John C. Boyden, Esq.<br>John A. Aberasturi, Esq.<br>Brent L. Ryman, Esq.<br>Erickson, Thorpe & Swainston, LTD<br>P.O. Box 3559<br>99 Arroyo Street<br>Reno, NV 89505<br>Telephone: (775) 786-3930<br>jboyden@etsreno.com<br>jaberasturi@etsreno.com<br>bryman@etsreno.com<br><br>*Attorneys for Third-Party Defendant Cruz Construction Company, Inc.* |

Alan R. Wechsler, Esq.
940 Southwood Blvd., Suite 102
Incline Village, NV 89451
775.548.5020 phone
775.249.0553 fax
alan@mountainsidelaw.com
decker@mountainsidelaw.com

*Attorneys for Defendant and Counterclaimant 1059 Lakeshore Boulevard LLC and Defendants Barry Kane and Anna Kane*

/s/ Sierra Sage
Sierra Sage, Assistant to
Christian L. Moore, Esq.